## Spears' Administrator, et al. v. Greer.

(Decided December 7, 1917.)

### Appeal from Johnson Circuit Court.

1. **Action—Action in Individual Capacity—Action in Fiduciary Capacity—Election.**—One suing in his individual capacity and as committee of an idiot, is properly required to elect which cause of action he will prosecute.

2. **Insane Persons—Idiots and Lunatics—Pauper Idiot—Allowance to—Court Costs—Commissions—Committee.**—The allowance by the state of $75.00, to each pauper idiot, is for the sole and exclusive benefit of such idiot, and no part thereof may be used to pay court costs or commissions to a committee.

3. Insane Persons—Idiots and Lunatics—Pauper Idiots—Allowance by State—Surplus—Effect.—Where upon a settlement by the committee of a pauper idiot, it appears that the allowance made by the state for the previous year was more than sufficient for the maintenance of the idiot, that fact should be certified to the Auditor, and the allowance for the succeeding year diminished by the balance in the hands of the committee.

4. Insane Persons—Idiots and Lunatics—Right of Committee to Recover Sums Illegally Retained by Former Committee—Application of Such Sums.—A committee of a pauper idiot may recover from a former committee, during the lifetime of such idiot, any sums illegally retained by the latter. Such sums will not become the property of the idiot to be disposed of as the committee may see fit, but should be used, solely and exclusively for the maintenance of the idiot, and no further allowance will be made by the state until such sums are exhausted.

5. Insane Persons—Idiots and Lunatics—Death of Pauper Idiot—Right of Administrator to Recover Sums Illegally Retained by Former Committee—Right of State to Recover.—Since the allowance made by the state to a pauper idiot, is solely and exclusively for his proper maintenance, sums illegally retained by a former committee are not assets of the idiot's estate to be administered for the benefit of others, and no recovery thereof can be had by his administrator, but the right of action lies in the state alone.

WHEELER & WHEELER and C. B. WHEELER for appellants.

VAUGHAN & HOWES for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

At the May, 1890 term of the Johnson circuit court, W. W. Greer was appointed as committee for two idiots, Mary E. Spears and her daughter, Mary A. Spears. He acted as committee for Mary E. Spears until her death in December, 1903, and as committee for Mary A. Spears until the October, 1904, term of the Johnson circuit court, when Geo. B. Rice was appointed committee in his stead. During those periods, with the exception of 14 months when no allowance was made because proper inquests had not been held, Greer regularly received, first from the county and state and thereafter from the state alone, the sum of $75.00 per annum for the maintenance of each. It further appears that Greer was appointed committee on the request of Charley Fitzpatrick, the son-in-law of Mary E. Spears, and the brother-in-law of Mary A. Spears, who could not be appointed because of his inability to give proper bond. After Greer's appointment,

he employed Fitzpatrick to take charge of the idiots, and with the exception of the period above referred to, paid him regularly the sum of $65.00 per annum for the maintenance of each, and retained the balance under an arrangement with Fitzpatrick. During that time he paid certain costs incident to the inquests, and furnished certain supplies to Fitzpatrick. He also performed certain legal services for Fitzpatrick. Upon their final settlement, Fitzpatrick was indebted to him in the sum of $60.00, for which he executed a note.

This suit was brought by Rice in his fiduciary capacity as committee for Mary A. Spears, to recover of Greer the balance in his hands which had not been appropriated to her maintenance, and in his individual capacity, to recover of Greer, the amount of his bill for supplies furnished the idiots during the period when no allowance was made by the State, on the ground that Greer was liable therefor, because of his negligence in failing to have proper inquests held. During the progress of the suit, Mary A. Spears died. Thereupon, Rice qualified as administrator for both Mary A. Spears and Mary E. Spears, and the suit was thereafter revived in his name as administrator.

Upon the filing of the original petition, the trial court required Greer to elect which cause of action he would prosecute, and he elected to proceed in his capacity as committee. Thereupon his cause of action in his individual capacity was dismissed without prejudice. Thereafter proof was taken and on final hearing the petition was dismissed. From this judgment, Rice, individually and as administrator, has asked that an appeal be granted.

The action of the trial court in requiring Greer to elect whether he would proceed in his individual capacity or in his capacity as committee was proper, and since he elected to proceed in his fiduciary capacity, it follows that his personal cause of action is eliminated from consideration.

The statute provides for an allowance of $75.00 per annum to each pauper idiot to be paid out of the State treasury to the committee of such idiot. Ky. Statutes, section 364. There is no statute providing for the payment out of this allowance of court costs or of compensation or commissions to the committee. It was not contemplated that the allowance should be made a source of profit to the committee or anyone else. On the contrary, it was intended by the legislature that these unfortunates

should receive the benefit of every dollar allowed. That being true, it is the duty of the committee to see that the allowance is expended for the sole and exclusive purpose of furnishing to such idiots, suitable food, clothing, shelter, medical attention, and other necessaries. It is the further duty of such committee to make regular settlements with the court. If, upon any such settlement, it should be made to appear that the allowance made for the previous year was more than sufficient to pay for the idiot's proper maintenance and there is a balance in the hands of the committee, this fact should be certified to the auditor, and the allowance for the succeeding year should be diminished by the amount of such balance. Since the committee is not entitled to any commission, he has no right to retain any of the allowance for his personal benefit and there can be no question that a subsequently appointed committee may recover from a former committee, during the lifetime of the idiot, any sums not expended for the idiot's benefit, but illegally retained by the committee. In this event, however, the sums so recovered will not become the property of the idiot to be disposed of by the committee as he sees fit, but should be used solely for the maintenance of the idiot, and no allowance should be requested from the state until such sums are exhausted.

However, since the allowance by the state is made solely for the maintenance of the idiot, it necessarily follows that the allowance can be no longer applied to that purpose when the idiot is dead. For this reason, money illegally retained by a committee, can not be regarded on the death of the idiot, as assets of his estate to be administered for the benefit of his heirs or creditors. That being true, no cause of action exists in favor of the idiot's administrator against the former committee, but only in favor of the state whose money has been diverted from the purpose for which it was appropriated. Since both idiots were dead before the final hearing of this case, it follows that the petition of Rice, as administrator, was properly dismissed.

In view of the importance of the question, the appeal is granted, an opinion written, and the judgment affirmed.